1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Amanda Seabock, Esq., SBN 289900
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker** | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act |
| **Moutlon 3D, LLC**, a California Limited Liability Company; **Exeter 13166 DE, LLC**, a Delaware Limited Liability Company; and **Yu N Mi Too, LLC**, a California Limited Liability Company | |
| Defendants. | |

Plaintiff Brian Whitaker complains of Moutlon 3D, LLC, a California Limited Liability Company; Exeter 13166 DE, LLC, a Delaware Limited Liability Company; Yu N Mi Too, LLC, a California Limited Liability Company; and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from a C-4 spinal cord injury. He is a quadriplegic. He uses a wheelchair for mobility.

2. Defendants Moutlon 3D, LLC and Exeter 13166 DE, LLC owned the

1

1   real property located at or about 9530 Santa Monica Blvd, Beverly Hills,
2   California, in September 2020.

3      3.   Defendants Moutlon 3D, LLC and Exeter 13166 DE, LLC own the real
4   property located at or about 9530 Santa Monica Blvd, Beverly Hills,
5   California, currently.

6      4.   Defendant Yu N Mi Too, LLC owned YU/MI Sushi located at or about
7   9530 Santa Monica Blvd, Beverly Hills, California, in September 2020.

8      5.   Defendant Yu N Mi Too, LLC owns YU/MI Sushi ("Restaurant") located
9   at or about 9530 Santa Monica Blvd, Beverly Hills, California, currently.

10     6.   Plaintiff does not know the true names of Defendants, their business
11  capacities, their ownership connection to the property and business, or their
12  relative responsibilities in causing the access violations herein complained of,
13  and alleges a joint venture and common enterprise by all such Defendants.
14  Plaintiff is informed and believes that each of the Defendants herein is
15  responsible in some capacity for the events herein alleged, or is a necessary
16  party for obtaining appropriate relief. Plaintiff will seek leave to amend when
17  the true names, capacities, connections, and responsibilities of the Defendants
18  are ascertained.

19

20  **JURISDICTION & VENUE:**

21     7.   The Court has subject matter jurisdiction over the action pursuant to 28
22  U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with
23  Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

24     8.   Pursuant to supplemental jurisdiction, an attendant and related cause
25  of action, arising from the same nucleus of operative facts and arising out of
26  the same transactions, is also brought under California's Unruh Civil Rights
27  Act, which act expressly incorporates the Americans with Disabilities Act.

28     9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

Complaint

1    founded on the fact that the real property which is the subject of this action is

2    located in this district and that Plaintiff's cause of action arose in this district.

3         **FACTUAL ALLEGATIONS:**

4         10. Plaintiff went to the Restaurant in September 2020 with the intention

5    to avail himself of its goods and to assess the business for compliance with the

6    disability access laws.

7         11. The Restaurant is a facility open to the public, a place of public

8    accommodation, and a business establishment.

9         12. Unfortunately, on the date of the plaintiff's visit, the defendants failed

10   to provide wheelchair accessible dining surfaces in conformance with the ADA

11   Standards as it relates to wheelchair users like the plaintiff.

12        13. The Restaurant provides dining surfaces to its customers but fails to

13   provide any wheelchair accessible dining surfaces.

14        14. One problem that plaintiff encountered is the lack of sufficient knee or

15   toe clearance under the dining surfaces for wheelchair users.

16        15. Plaintiff believes that there are other features of the dining surfaces that

17   likely fail to comply with the ADA Standards and seeks to have fully compliant

18   dining surfaces for wheelchair users.

19        16. On information and belief, the defendants currently fail to provide

20   wheelchair accessible dining surfaces.

21        17. These barriers relate to and impact the plaintiff's disability. Plaintiff

22   personally encountered these barriers.

23        18. As a wheelchair user, the plaintiff benefits from and is entitled to use

24   wheelchair accessible facilities. By failing to provide accessible facilities, the

25   defendants denied the plaintiff full and equal access.

26        19. The failure to provide accessible facilities created difficulty and

27   discomfort for the Plaintiff.

28        20. The defendants have failed to maintain in working and useable

Complaint

conditions those features required to provide ready access to persons with disabilities.

21. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

22. Plaintiff will return to the Restaurant to avail himself of its goods and to determine compliance with the disability access laws once it is represented to him that the Restaurant and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

23. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

4

Complaint

1    24. Plaintiff re-pleads and incorporates by reference, as if fully set forth

2    again herein, the allegations contained in all prior paragraphs of this

3    complaint.

4    25. Under the ADA, it is an act of discrimination to fail to ensure that the

5    privileges, advantages, accommodations, facilities, goods and services of any

6    place of public accommodation is offered on a full and equal basis by anyone

7    who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

8    § 12182(a). Discrimination is defined, inter alia, as follows:

9         a. A failure to make reasonable modifications in policies, practices,

10           or procedures, when such modifications are necessary to afford

11           goods, services, facilities, privileges, advantages, or

12           accommodations to individuals with disabilities, unless the

13           accommodation would work a fundamental alteration of those

14           services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

15        b. A failure to remove architectural barriers where such removal is

16           readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are

17           defined by reference to the ADA Standards.

18        c. A failure to make alterations in such a manner that, to the

19           maximum extent feasible, the altered portions of the facility are

20           readily accessible to and usable by individuals with disabilities,

21           including individuals who use wheelchairs or to ensure that, to the

22           maximum extent feasible, the path of travel to the altered area and

23           the bathrooms, telephones, and drinking fountains serving the

24           altered area, are readily accessible to and usable by individuals

25           with disabilities. 42 U.S.C. § 12183(a)(2).

26    26. When a business provides facilities such as dining surfaces, it must

27    provide accessible dining surfaces.

28    27. Here, accessible dining surfaces have not been provided in

Complaint

1   conformance with the ADA Standards.

2   28. The Safe Harbor provisions of the 2010 Standards are not applicable

3   here because the conditions challenged in this lawsuit do not comply with the

4   1991 Standards.

5   29. A public accommodation must maintain in operable working condition

6   those features of its facilities and equipment that are required to be readily

7   accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

8   30. Here, the failure to ensure that the accessible facilities were available

9   and ready to be used by the plaintiff is a violation of the law.

10

11   **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

12   **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

13   Code § 51-53.)

14   31. Plaintiff repleads and incorporates by reference, as if fully set forth

15   again herein, the allegations contained in all prior paragraphs of this

16   complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,

17   that persons with disabilities are entitled to full and equal accommodations,

18   advantages, facilities, privileges, or services in all business establishment of

19   every kind whatsoever within the jurisdiction of the State of California.  Cal.

20   Civ. Code §51(b).

21   32. The Unruh Act provides that a violation of the ADA is a violation of the

22   Unruh Act.  Cal. Civ. Code, § 51(f).

23   33. Defendants' acts and omissions, as herein alleged, have violated the

24   Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's

25   rights to full and equal use of the accommodations, advantages, facilities,

26   privileges, or services offered.

27   34. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

28   discomfort or embarrassment for the plaintiff, the defendants are also each

6

Complaint

responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: November 4, 2020          CENTER FOR DISABILITY ACCESS

By: _____

Russell Handy, Esq.
Attorney for plaintiff

Complaint